**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-225C

(Filed: July 31, 2015)

```
*****************************************
                                          *
ALTON J. GAINES, JR.,                     *
                                          *
                        Plaintiff,        *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
                        Defendant.        *
                                          *
*****************************************
```

FILED
JUL 31 2015
U.S. COURT OF
FEDERAL CLAIMS

*Alton J. Gaines, Jr.*, Denver, Colorado, *pro se* Plaintiff.

*Shari A. Rose,* with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman*, Jr., Director, and *Allison Kidd-Miller*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

OPINION AND ORDER

WHEELER, Judge.

On March 3, 2015, *pro se* Plaintiff, Alton J. Gaines, Jr., filed a document entitled "Multi-Purpose Application for Proposal," which was docketed as a complaint. Consecutive sections of this document were entitled "Proper Remedial Restorative Action Requisition Order," "Request for Proposal," and "Statement of Purpose for Funding." As the complaint does not reference a contract between Mr. Gaines and the United States or any Federal statute or regulation, it appears from the document filed that Mr. Gaines is seeking some sort of financial investment from the Federal Government.

The Government filed a motion to dismiss Mr. Gaines's complaint on April 5, 2015 for lack of subject matter jurisdiction and, alternatively, for failure to state a claim upon which relief can be granted. Rule 12(b)(1); Rule 12(b)(6). The Government argues that

Mr. Gaines does not allege any facts which suggest that he is statutorily or contractually entitled to monetary relief from the United States, and thus the Court lacks subject matter jurisdiction over his claims. In the alternative, the Government contends that Mr. Gaines has failed to state a claim upon which relief can be granted because the complaint does not allege any wrongful conduct by the United States. Mr. Gaines's response to the Government's motion, filed on July 14, 2015, provides no further clarity in establishing jurisdiction, or providing a source of law that would entitle him to relief in this Court.

The Court finds it difficult to ascertain what, if any, claims Mr. Gaines has against the United States and accordingly must dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Mr. Gaines has not alleged any specific misconduct by the United States, and has not explicitly requested monetary damages from the Federal Government. While the Court acknowledges Mr. Gaines's *pro se* status as providing some leeway in pleadings, Mr. Gaines cites to no statute, regulation, or constitutional provision that would provide the Court with jurisdiction over his complaint and therefore the Court cannot proceed with Mr. Gaines's claim.

## Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), which provides that "a party may assert . . . by motion" the defense of "lack of subject-matter jurisdiction," the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). While *pro se* litigants are generally held to a lower standard in their pleadings and in establishing subject matter jurisdiction, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), the *pro se* plaintiff nonetheless must allege facts sufficient to prove subject matter jurisdiction by a preponderance of the evidence, Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Estes Express Lines, 739 F.3d at 692.

To overcome a Rule 12(b)(6) motion, which provides that a party may assert by motion a defense of "failure to state a claim upon which relief can be granted," plaintiffs must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-63, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschroft, 556 U.S. at 678. The Court may grant a motion to dismiss under Rule 12(b)(6) "only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle[] him to relief." Fireman v. United States, 44 Fed. Cl. 528, 537 (1999) (quoting Ponder v. United States, 117 F.3d 549, 552-53 (Fed. Cir. 1997)).

Mr. Gaines does not allege any facts which suggest that he is statutorily or contractually entitled to monetary relief from the United States, and thus the Court lacks subject matter jurisdiction over his claims. In the alternative, the Government contends that Mr. Gaines has failed to state a claim upon which relief can be granted because the complaint does not allege any wrongful conduct by the United States. Mr. Gaines's response to the Government's motion, filed on July 14, 2015, provides no further clarity in establishing jurisdiction, or providing a source of law that would entitle him to relief in this Court.

The Court finds it difficult to ascertain what, if any, claims Mr. Gaines has against the United States and accordingly must dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Mr. Gaines has not alleged any specific misconduct by the United States, and has not explicitly requested monetary damages from the Federal Government. While the Court acknowledges Mr. Gaines's *pro se* status as providing some leeway in pleadings, Mr. Gaines cites to no statute, regulation, or constitutional provision that would provide the Court with jurisdiction over his complaint and therefore the Court cannot proceed with Mr. Gaines's claim.

## Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), which provides that "a party may assert . . . by motion" the defense of "lack of subject-matter jurisdiction," the Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). While *pro se* litigants are generally held to a lower standard in their pleadings and in establishing subject matter jurisdiction, see Hughes v. Rowe, 449 U.S. 5, 9 (1980), the *pro se* plaintiff nonetheless must allege facts sufficient to prove subject matter jurisdiction by a preponderance of the evidence, Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Estes Express Lines, 739 F.3d at 692.

To overcome a Rule 12(b)(6) motion, which provides that a party may assert by motion a defense of "failure to state a claim upon which relief can be granted," plaintiffs must assert "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-63, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschroft, 556 U.S. at 678. The Court may grant a motion to dismiss under Rule 12(b)(6) "only when it is beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle[] him to relief." Fireman v. United States, 44 Fed. Cl. 528, 537 (1999) (quoting Ponder v. United States, 117 F.3d 549, 552-53 (Fed. Cir. 1997)).

Discussion

I. <u>Lack of Jurisdiction</u>

Pursuant to the Tucker Act, 28 U.S.C. § 1491, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). The Tucker Act does not, however, create any substantive rights enforceable against the United States for money damages. <u>See</u> <u>United States v. Testan</u>, 424 U.S. 392, 398 (1976). Thus, Mr. Gaines's complaint must provide some basis, such as a statute or contract, which would entitle him to compensation from the Federal Government if he is to establish jurisdiction in this Court.

The Government correctly points out that Mr. Gaines has not alleged facts sufficient to establish the Court's jurisdiction. He has failed to cite to any statute, regulation, or contract with the Federal Government which would entitle him to compensation. Transfer of the case to another court would also be inappropriate, as Mr. Gaines's complaint does not set forth any cause of action that might be entertained by another court. <u>See</u> 28 U.S.C. § 1631 ("the court shall . . . transfer [a case over which it lacks jurisdiction] . . . to any other court in which the [case] *could have been brought* at the time it was filed or noticed.") (emphasis added). Because the Court is unable to ascertain any theory of liability within the Court's jurisdiction, the claim must necessarily be dismissed.

II. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>

The Government also argues in the alternative that the Court should dismiss Mr. Gaines's complaint for failure to state a claim upon which relief may be granted, under Rule 12(b)(6). The Government contends that the complaint does not "contain sufficient factual matter . . . to state a claim to relief" against the United States "that is plausible on its face." <u>Ashcroft</u>, 556 U.S. at 678.

Mr. Gaines failed to include any clear allegation of wrongful conduct against the United States in his complaint that is actionable in court. Because there is no indication of any basis upon which Mr. Gaines would be entitled to compensation from the Government, dismissal of the claim pursuant to Rule 12(b)(6) is appropriate.

## Conclusion

Accordingly, this case is DISMISSED for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6).

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge